Mr. Justice ThacheR
delivered the opinion of-the court.
This is an action against the maker and indorsers of a promissory note.
The evidence of notice of the non-payment of the note given to Thomas H. Stuart, one of the indorsers, was as follows : — *333 On the day of its protest, Stuart was lying ill at the house of the notary, the witness, in Rodney. The notary carried into his sick room a written notice in the usual form, approached his bed, and remarked to him that he had that day protested a note on which he was indorser, but- did not describe the note. The notary could not say that Stuart heard his remark. He then left the notice upon the mantel-piece in the room. The note was payable in Rodney, and Stuart’s place of residence was near the town of Fayette. The circuit court refused to permit evidence to be introduced to show that Stuart, for several days before and after the note fell due, was from bodily disease insensible and devoid of understanding.
The object of notice is to inform the indorser of the nonpayment of the note. Personal notice is of course the best, but if that cannot be given, then a notice directed to the indorser, and sent in the mode in. which it will most probably reach him, is sufficient. If the. notary had sent the notice directed to Stuart at Fayette, while he was in Rodney and in the house of the notary, and in a condition not to be removed, it is very obvious that he would have sent the notice away from the indorser rather than to him. If it was impracticable from the state of the indorser to communicate to him a personal notice, he then did all in his power by leaving .the written notice where it would soonest attract the- observation of the indorser. We, however, look upon the notice in this case as sufficient personal notice, for had the notice been sent to Fayette, in the circumstances of this indorser, it might well have been contended that the notary had failed to give personal notice when in his power so to do, while the indorser was a guest under the roof of the notary; for although a notice directed to an indorser living in a place at a distance from the place of payment, and sent through the mail in proper time will be good, it would not be good, if it could be shown that the notary had had the opportunity afforded him of giving a personal notice, and had omitted to use it. So,' if the actual residence of Stuart had been in Rodney instead of in Fayette, the notary could have done no more in giving him *334 notice than he did, for he was certainly not required - to remain and await the convalescence of the indorser. We therefore see no error in the ruling of the court.
Judgment affirmed.